IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA



David Jacobson,   NO: 10-251-JVP-DLD

Plaintiff,

versus

James LeBlanc, et al

Defendant.

_____/

## PLAINTIFF'S REPORT AFTER INITIAL DISCLOSURES CONFERENCE

On or about June 10, 2010 the Plaintiff served upon opposing counsel, William Kline, Esquire a correspondence termed Conference Communication with comported to the requirements of Fed. R. Civ. P. Rule 26 (F). Consequently, this is the Report based on the conference.

Response

The Plaintiff has yet to recieve a responce to the Compalint however, assumes that it has been or will be served in the near future. There was an issue with an inital filing fee and that issue was resolved.

Initial Disclosures

The Plaintiff was requested that the parties comply with the inital discolure requirments, as a matter of course, during the discovery process. Other initla disclosures will be addressed during discovery of the matters.

Exhaustion

The Plaintiff assumes that an affirmative defense will be lodged in reference to "exhaustion of available remedies". The Plaintiff is in the process, and will disclose, all exhaustion documents as an initial disclosure and will furnish the same to the Court if a jurisdictional arguments is proffered by the Defendants. The Plaintiff asserted that

all subject matters have been addressed via the institutional Administrative Remedy Procedure, LA RS 15:1171 et seq, process. These were also appealed to the Secretary who denied all claims.

Stipulation of Facts

the Plaintiff proposes that a Stipulation of Facts be agreed to before disposition motions and or trial on this matter. This will reduce the proffers to the jury and documentary evidence that would be required to be offered.

Discovery

There are unknown defendant, yet to be discovered, the Plaintiff proposes that discovery transpire in two steps. First, the Plaintiff proposes to propound discovery on the named defendants and then conduct discovery upon the yet to be identied parties.

**SUBJECTS**

The Plaintiff will request discovery on the following subjects:

i. Formale written policies reagrding the subject matters of the complaint,

ii. Memorandums , communications, and correspondences regarding the subject matters in the coplaint,

iii. Acts and omissions, admission regarding the same, that will establish that the municipality failed to act creating conditions precedent for existance of de facto policies and customs,

iv. Knowledge regarding the conditions prior to the placement in the Orleans Parish Prison,

v. Law Library, Clerks and Counsel Assistance Policy Directives,

vi. Policy Directives regarding Indigent Legal Supplies,

vii. Documentation regarding when, now often, and now much indigent legal supplies were and have been afforded to Plaintiff,

viii. Detainer Policeis and Promulgation of the Department of Corrections,

ix. Minimum Collections contained in the Law Libraries at PCC and Hunts,

x. The LEXIS contractual agreement,

xi. A Description of the Specific Citation system the law library utlizes,

xii. Policy and Procedure regarding Court Order Deadlines and additional time in the Law Library,

xiii. The Louisiana Administrative Codes regarding all the aforthmentioned,

xiv. Any and all other information relevant to the causes of actions as alleged in the compalint.

Discovery is expect to begainimmediately and should take no more than four months.

Interrogatories

The Plaintiff requests that the standard amount of questions be allocuted during admissions and interrogatories.

Depositions

The Plaintiff requests that two depositions be allowed for a maximum of two hours.

Initial discovery should be completed by January 2011, initial disclosures are requested as soon as possible.

The standard amount of interrogatories and admissions are expected without the need for additional devices.

The Parties shall be ordered to produce and exchange, reports of expert witnesses, if not before, not later than at the pretrial conference.

Meeting Before Scheduling Conference

Plaintiff has requested a telephone conference with opposing counsel prior to the scheduling conference. If agreed the conference could occurr without order by defendant's counsel arrainging a conference call at Phelphs.

Discovery Completion Date

Plaintiff requests discovery be completed by July 2011.

Amended Complaint

Plaintiff request until August 2011 before the Amended Complaint naming all addtional parties be due, or as soon thereafter as discovery might be completed.

Disposition Motions

   Plaintiff seeks September 2011, as a date for dispsotion Motions due, or after the Amended Compalint is due but after discovery is completed.

Settlement Conference

   The Plaintiff seeks a settlement conference at any time, before completion of discovery, or as agreed to by the Court of opposing counsel.

Final Submission Dates

   Plaintiff submits that November 2011 shall be the final date for proposed witness lists, designation of witness testimony by dispsotion, trial exhibits, all material under Rule 26(a)(3), and propsoed jury instructions or special jury instructions requested.

Jury Trial

   Plaintiff estimates a two (2) day jury trial and requests a date as soon therefater as might be practable in 2012.

Other Matters

   Plaintiff requests the Court conduct a hearing to address preliminary matters and possible agreements before scheduling a hearing date for possible injuctions after a contradictory hearing.


   Any and all other scheduling matters deemed appropriate and just in the intrest of justice.

_____
David Jacobson
Post Office Box 1056
DeQuincy Lousiana 70633

Dated: 6/17/10

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

DAVID JACOBSON                                                   NO 10-251-JVP-DLD

versus

JAMES LEBLANC, ET AL

**PROFFER**

Please offer for Proffer the annexed exhibit in complaince with the Court's Order for Partial payment of Fee's

Respectfully,

David Jacobson
Post Office Box 1056
DeQuincy, Louisiana 70633



P.O. BOX 56157
NEW ORLEANS, LA 70156-6157
P: (504) 522-0617
WWW.LAACLU.ORG

EXHIBIT A PROFFER

June 7, 2010

David Jacobson #558909
Phelps Correctional Center
P.O. Box 1056
DeQuincy, LA 70633

    Subject:    Filing Fee

Dear Mr. Jacobson:

Enclosed is a receipt for the payment of the $0.83 in Case No. 10-251-JVP-DLD, U.S. Middle District of La. I wish you nothing but success and look forward to updates.

                        Sincerely,

                        Barry Gerharz, Esq.

YOUR COMPLAINT HAS ]                                        ER IS
NOT LEGAL ADVICE. IF                                        D
CONTACT AN ATTORNE'

IN THE UNITED STATES DISTRICT COURT

FOER THE MIDDLE DISTRICT OF LOUISIANA

DAVID JACOBSSON,　　　　　　　　　　　　　　　　　　NO: 10-251-JVP-DLD

versus

JAMES LEBLANC , ET AL

PROOF OF SERVICE

    I, David Jacobson depose and say that on this 17th day of June, 2010, that I have served upon opposing counsel, William Kline, counsel for the Louisiana Department of Public Safety and Corrections, Post Office Box 94304, Baton Rouge Lousiana, 70804 a true and correct copy of the Plaintiff's Report, by placing the same in the prison mail box, first class postage request per departmental regulations.

    Signed under the penalty of perjury.

_David Jacobson_
Post Office Box 1056
DeQuincy, Lousiana 70633

