UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID JACOBSON   (#558909)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 10-251-JVP-DLD

RULING

Pro se plaintiff, an inmate confined at C. Paul Phelps Correctional Center, Dequincy, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Hunt Correctional Center (HCC) Warden Howard Prince, Phelps Correctional Center (PCC) Warden Robert Henderson and Laterda Drummond.  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement while confined at Orleans Parish Prison (OPP), Drummond failed to transmit a demand for final resolution, waiver of extradition and other information to the Ocean Springs Police Department, he was denied access to the courts while confined at HCC, the law libraries at HCC, PCC and OPP are inadequate, the Administrative Remedy Procedure impedes his ability to access the courts and he was threatened for utilizing the

administrative grievance procedure and accessing the courts in violation of his constitutional rights.

Plaintiff also filed a motion for temporary restraining order and preliminary injunction. Record document number 13. Plaintiff sought an order enjoining prison officials from screening his indigent mail.

In order to determine whether to issue a preliminary injunction the court must consider four factors:[1]

1. the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

2. the state of balance between this harm and the injury that granting the injunction would inflict on the defendant;

3. the probability that the plaintiff will succeed on the merits; and

4. the public interest.

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of

---

[1] Wright and Miller, <u>Federal Practice and Procedure: Civil</u>, § 2948, et seq.

a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction of the sort the plaintiff seeks. Therefore, his request for a temporary restraining order and preliminary injunction is denied.

Baton Rouge, Louisiana, September 27th, 2010.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE